## 53208. METROPOLITAN TRACTOR COMPANY, INC. v. WRIGHT.

SMITH, Judge.

This is an appeal from the grant of summary judgment in favor of the plaintiff in a contract action. Jimmy Wright sued Metropolitan Tractor Co. alleging that a cashier's check for $2,500 had been delivered to Metropolitan as partial payment for a John Deere tractor but the tractor had never been received. After consideration of the pleadings and two affidavits from each party, the trial court granted Wright's motion for summary judgment. Metropolitan requested reconsideration and filed further affidavits, but the request was denied. Metropolitan appeals. *Held:* reversed.

Wright introduced affidavits showing that he sought and received a $2,500 loan from the Citizens and Southern Newnan Bank to purchase a John Deere tractor from Metropolitan. The bank issued a check for $2,500 to the order of "Jimmie W. Wright & Metropolitan Tractor

Co." for the purchase of a specified John Deere tractor. Wright endorsed the check and had it delivered by messenger to Metropolitan, the messenger having been instructed to take delivery of the tractor. The check was endorsed in blank by Metropolitan and returned to the messenger, who thereafter deposited it in his own account. The tractor was never delivered to Wright.

Metropolitan introduced affidavits showing that it had received a purchase order for a John Deere Tractor, from Contract Services Systems, Inc. A down payment of $1,400 had been made, and the contract was contingent upon Contract Services' success in obtaining financing for the balance of $4,368. Wright, who was sales manager for Contract Services, informed Metropolitan that he was buying a one-half interest in the tractor from Contract Services, and he requested a representative of Metropolitan to contact the C & S Newnan Bank and give them information on the wholesale value of the tractor.

A few days later, Wright contacted Metropolitan and said the bank had issued a $2,500 check for his purchase of the interest in the tractor, but it named Metropolitan as co-payee. He requested Metropolitan to endorse the check so that he could obtain the funds without the delay of requesting a new check. The check was brought to Metropolitan's offices by a messenger and was signed and returned. Later, Contract Services failed to obtain financing and the sale of the tractor was never completed.

It is clear, at the minimum, that there was a question of fact as to the existence of a contractual relationship between Metropolitan and Wright. In addition, whether Metropolitan's endorsing the check and returning it to Wright's messenger was wrongful depends upon resolution of the dispute over what instructions had been given both Metropolitan and the messenger concerning the check. Construing the affidavits most strongly against the movant, we conclude that the movant was not entitled to judgment as a matter of law. The order granting summary judgment is vacated.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 18, 1977 — DECIDED MARCH 17, 1977.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Joseph P. McGuire, for appellant.
Richard L. Parker, for appellee.